■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AGNES SCOTT, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered July 25, 1978, which granted defendant's motion to dismiss the indictment charging her with manslaughter in the first degree on the grounds that the People (1) failed to charge or explain the law of justification to the Grand Jury, and (2) did not effectively afford the defendant an opportunity to appear before the Grand Jury pursuant to CPL 190.50. Order affirmed. On March 30, 1978 the defendant, Agnes Scott, fatally stabbed her husband after a serious argument. After the defendant was arrested, her union called a lawyer, Mitchell Craner, to represent her. The defendant was not aware of this. On March 31, 1978, the day after the incident, Craner appeared in Criminal Court and filed a notice of appearance. He waited for the defendant in court, but she did not appear. On the following day, April 1, 1978, the defendant was arraigned. Craner was unable to appear in court, but the defendant was represented, solely for arraignment purposes, by a Legal Aid attorney. For some unexplained reason, it was noted that an 18B attorney was to be assigned. The record in this case does not indicate whether the Legal Aid attorney was served with written notice of the defendant's right to appear before the Grand Jury, although an allegation of such service is made by appellant and not challenged by respondent. On April 4, 1978 the defendant's case was presented to a Grand Jury in Kings County. The only witnesses were a police officer, a detective to whom the defendant had given statements, and the defendant's 13-year-old daughter. After the officer had testified, the following exchange between a grand juror and the Assistant District Attorney took place: "JUROR: Was the lady—the accused appearing here? "MR. MC NEW: I'm not sure of that. In every case the person who is a possible suspect

has an absolute right to appear and testify in a Grand Jury. If that person chooses to testify in the Grand Jury, then that person will testify. If the person does not exercise his right to testify in the Grand Jury, then the person will not appear and we cannot force or subpoena that person to appear in the Grand Jury. The person who is the suspect, or the accused has the option of making that decision as to whether to testify or not to testify." At the conclusion of the Grand Jury proceeding, an indictment for manslaughter in the first degree was voted and filed. On April 5, 1978 there was an adjournment and colloquy in Criminal Court. Mitchell Craner represented the defendant. The defendant was supposed to testify before the Grand Jury on the following day, and the colloquy indicates that the attorneys and the court thought that the indictment had been voted but not filed. Following the court appearance, Craner concluded that permitting the defendant to testify before a Grand Jury which already had voted to indict her would serve no purpose. Accordingly, the defendant never appeared before the Grand Jury. The defendant subsequently moved to inspect the Grand Jury minutes and to dismiss the indictment on several grounds. The court granted both motions and granted the People 45 days from the date of entry of the order to resubmit the matter to the Grand Jury. Nevertheless, the People appeal. The order of Criminal Term dismissing the indictment must be affirmed. A defendant in a criminal proceeding may testify in his own behalf, but failure to testify is not a factor from which any inference unfavorable to him may be drawn and no allusion may be made thereto (CPL 60.15, subd 2; *People v Cora*, 47 AD2d 739). This rule of evidence in criminal proceedings is applicable to Grand Jury proceedings (see CPL 190.30, subd 1). In the case at bar there is a strong possibility that an unfavorable inference was drawn from the defendant's failure to testify. A grand juror asked if the defendant was going to appear and testify. The Assistant District Attorney who was conducting the Grand Jury proceeding did not know. However, he informed the grand jurors that the defendant had a right to testify and that if the defendant chose not to exercise that right, she could not be compelled to appear. He failed to explain that no unfavorable inference could be drawn from her failure to testify. The grand jurors may have inferred from this that the defendant had something to conceal, and the impact of that inference upon the decision to indict cannot be assessed accurately. Moreover, the possibility of such an inference is particularly troublesome in this case since the defendant may never have received notice of her right to appear before the Grand Jury. For this reason, we think that the indictment was properly dismissed. However, if the prosecutor, in response to the grand juror's question about the defendant's appearance, had given a curative instruction to the Grand Jury explaining that no inference unfavorable to the accused may be drawn from her failure to appear, the possibility of an adverse inference would have been neutralized and dismissal of the indictment upon this ground would not have been warranted. We note that the other contentions raised by defendant, including her claim that she was entitled to have the defense of justification charged to the Grand Jury, are without merit. Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.