■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED MERCADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 4, 1982, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, after a nonjury trial, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE MERCADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 4, 1982, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

Several errors committed by the trial court served to deny the defendant his right to a fair trial, and, accordingly, a new trial is required.

At the trial, two photographs depicting the defendant posing with two handguns were admitted into evidence. Even the prosecution acknowledges on appeal that the purpose for which they were received was to show that the defendant possessed a weapon. However, the People failed to lay a foundation for the introduction of the photographs by failing to show that the handguns which the defendant was holding in the photographs were used in the commission of the crimes charged.

Thus, the photographs served no purpose other than to improperly portray the defendant as a gun-carrying criminal and the only purpose served by their introduction into evidence was to persuade the jury that the defendant "was a man of vicious and dangerous propensities, who because of those propensities was more likely to kill with deliberate and premeditated design" (People v Zackowitz, 254 NY 192, 196). These photographs did not legitimately "tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence" in the case (People v Pobliner, 32 NY2d 356, 369, cert denied 416 US 905). In fact, their only purpose was to arouse the jurors' emotions and severely prejudice the defendant. Accordingly, they were erroneously admitted (see, People v Pobliner, supra), and, given their highly inflammatory and prejudicial nature, we find that their admission into evidence deprived the defendant of a fair trial. We note that the inflammatory nature of these photographs was improperly emphasized and further enhanced by the prosecutor during his summation when he made reference to the jury having seen the defendant in his "Al Capone get-up".

The trial court's improper restriction of the scope of defense counsel's cross-examination of a key prosecution witness was not harmless and also served to deprive the defendant of his right to a fair trial. The trial court erroneously concluded that certain matters were collateral, and in so doing prevented the defendant from attempting to elicit potentially exculpatory testimony which might have indicated the possibility of a mistaken identification.

Furthermore, the trial court's comment, made in response to an outburst by the defendant, stating that he had an opportunity to make a statement under oath if he so desired, provides a further ground for reversal. "It is axiomatic that no allusion may be made to the fact that the defendant has failed to avail himself of his right to testify in his own behalf" (People v Cora, 47 AD2d 739; see, People v Brown, 91 AD2d

615; CPL 60.15 [2]). The Court of Appeals has repeatedly warned that any statement of a Trial Judge which tends to deprive the defendant of the full protection of his right not to have unfavorable inferences drawn from his failure to testify in his own behalf is reversible error *(see, People v McLucas,* 15 NY2d 167, 171).

In light of our determination of this appeal, we decline to reach the defendant's remaining contentions. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.