OPINION OF THE COURT
David Stadtmauer, J.
After inspecting the Grand Jury minutes in camera, the *33 court finds that the People’s presentation was defective and improper, and that the integrity of the Grand Jury proceeding was thus materially impaired.
During the presentation of evidence — after testimony by the People’s two eyewitnesses and a detective — the prosecutor made the following statement: “At this time, I would like to inform the ladies and gentlemen of the grand jury that the defendant in this case does not wish to testify. However, the defense does have two witnesses * * * who would like to come forward and tell you that the defendant was with them [on the date and at the time the crimes were allegedly committed].”
Although the People correctly presented to the Grand Jury the question of hearing the proposed alibi evidence, there is no reason why the Grand Jury had to be advised in this manner of the defendant’s desire not to testify. The fact that the defendant was not testifying was obvious — and did not require unsolicited and unnecessary confirmation to highlight his absence. The comment was not made in response to any query from a juror; nor was there any indication that the defendant originally expressed a desire to testify and then changed his mind.
Our courts have consistently and zealously guarded a defendant’s right to remain silent at trial — and no reference may be made to a defendant’s exercise of that right unless the defendant himself raises the subject or attention is properly called to it because of a reason other than the defendant’s mere failure to testify. Moreover, if and when such failure to testify is ever properly brought to the attention of the jury, it must be coupled with a clear admonition against drawing an unfavorable inference against the defendant (CPL 60.15, 300.10 [2]; People v Debroux, 133 AD2d 231). These restrictions apply with equal vigor to Grand Jury proceedings (People v Scott, 70 AD2d 601; CPL 190.30 [1]).
Having made that unfortunate reference to defendant’s absence, the prosecutor should have given an immediate “no-inference” curative instruction. There was no such instruction. In this regard, it may be noted that while a “no-inference” charge is given at trial only at the request of the defense (CPL 300.10 [2]), the Appellate Division has clearly mandated such an instruction sua sponte in the Grand Jury when necessary: ”[I]f the prosecutor, in response to the grand juror’s question about the defendant’s appearance, had given a *34 curative instruction to the Grand Jury explaining that no inference unfavorable to the accused may be drawn from [the] failure to appear, the possibility of an adverse inference would have been neutralized and dismissal of the indictment upon this ground would not have been warranted.” (People v Scott, supra, at 602.)
A prosecutor’s reference to a defendant’s failure to testify is very rare at the Grand Jury stage. Usually such remarks, when made, appear at trial during summation or during the heat of argument, and they are followed by a prompt curative instruction from the court. At the Grand Jury stage, however, the court is not present during the presentation of evidence. Rather, the prosecutor, as an arm of the court, presents the evidence in a closed chamber — and it is expected that this will be done fairly and impartially. The prosecutor is, of course, an advocate — but the advocacy must subordinate itself to the over-all integrity of the Grand Jury proceeding.
The Appellate Division in Scott (supra) dealt with a "no-inference” curative instruction after a grand juror’s query. Although there was no question by the Grand Jury in the case at bar, this court is of the opinion that, under proper circumstances, an inadvertent reference can also be neutralized by a "no-inference” instruction. In evaluating those circumstances, the court should weigh a variety of factors. For example, was the prosecutor’s reference unsolicited or was it made in response to a juror’s query or some compelling circumstance? What was the nature and the extent of the reference? What was the context in which it was made? Was it followed by a prompt curative "no-inference” instruction? In addition, since prejudice to the defendant cannot always be measured with pinpoint accuracy (see, People v Scott, supra, at 602), the court should also consider whether the evidence before the Grand Jury was overwhelming or just barely sufficient.
In assessing the circumstances of this case, it does not appear that the prosecutor’s remark was premeditated or purposefully prejudicial. However, it was unsolicited and unnecessary, without a curative instruction, and the evidence was far from overwhelming. Involved here is a street robbery where the parties were not previously known to each other; where two alibi witnesses testified that the defendant was elsewhere at the time of the crime; and where one of the two eyewitnesses at the scene of the crime identified — at a police lineup — an individual other than the defendant as the perpe *35 trator. Under such circumstances, the prejudice to the defendant cannot be considered harmless.
The defendant’s omnibus motion is granted to the extent of dismissing the indictment, without prejudice to proper and timely resubmission to another Grand Jury. Upon such representation, the People shall not refer to the defendant’s absence should he choose not to testify. If, however, because of a juror’s inquiry or other compelling circumstance, the People find that they must in some manner acknowledge the defendant’s absence or failure to testify, then the reference must be coupled with a "no-inference” instruction that is simple and concise (see, People v Morris, 129 AD2d 591).
(In view of the foregoing, the balance of the defendant’s motion is not reached.)